Joseph A. Cox, S.
On this application to determine the ownership of United States Savings Bonds Series E, the essential facts are admitted by the pleadings. Decedent and the respondent entered into a property settlement agreement which was incorporated into an interlocutory decree of divorce in California. The property settlement agreement, among other things, provided that jointly owned stock and bonds were to be divided equally and a distribution was made by which decedent retained as part of his share of the settlement the bonds in question which were registered in the names of “ Mrs. Ida De Nat or Mr. Joseph De Nat”. The divorce decree was made final but at the time of his death, about one month *740 thereafter, decedent had not changed the registration of the bonds. Bespondent claims that as co-owner the bonds belong to her. Section 315.61 of the United States Treasury Department Begulations (Code of Fed. Beg., tit. 31) governing these bonds does provide that if either co-owner dies without the bond having been presented and surrendered for payment or authorized reissue, the survivor will be recognized as the sole and absolute owner. However, a situation such as is now before the court is covered by section 315.22 of the above regulations which provides: “ § 315.22. Payment or reissue pursuant to judgment — (a) Divorce. A decree of divorce ratifying or confirming a property settlement agreement or otherwise settling the respective interests of the parties in a bond will not be regarded as a proceeding giving effect to an attempted voluntary transfer under the provisions of § 315.20. Consequently, reissue of a savings bond may be made to eliminate the name of one spouse as owner, coowner or beneficiary, or to substitute the name of one spouse for that of the other as owner, co owner or beneficiary pursuant to such a decree. The evidence required undér § 315.23 must be submitted in any case. In cases where the decree does not set out the terms of the property settlement agreement a certified copy of the agreement must also be submitted, and in any case where the bonds are presently registered with a person other than one of the spouses as owner or co owner there must be submitted either a request for the reissue by such person or a judgment, decree, or order of court entered in a proceeding to which he was a party, determining the extent of the interest in the bond held by the spouse whose name is to be eliminated, and reissue will be permitted only to the extent of the spouse’s interest in the bonds. Payment rather than reissue will be made if requested.”
The property settlement agreement provided that each of the parties at any time after the agreement would execute and acknowledge any and all documents which may be necessary or convenient to carry out its purposes and intents and to establish of record the sole and separate ownership of the parties and that on refusal of either party to execute such documents then the agreement itself shall constitute a full and proper transfer and assignment of the properties.
The respondent has failed on request to sign the necessary transfer statement which is required by the Treasury Department because the decree and agreement do not specifically set out the bonds in question as the property of the decedent, although it is conceded that they were retained by decedent as part of his share of the community property. Bespondent’s *741 failure to execute the necessary instrument cannot be permitted to cancel her obligation under the agreement.
Since respondent refuses to execute the required statement and relies only on the fact that the bonds are still in the names of decedent and herself but does not deny that they were part of the property retained by decedent as his under the agreement, the court holds that the bonds are the property of the estate and that the respondent has no interest therein.
Submit decree on notice accordingly.